**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| KIM DELPRADO,<br>　　　　　　　　Plaintiff(s),<br><br>v.<br><br>NOVO NORDISK, INC. and NOVO NORDISK A/S,<br><br>　　　　　　　　Defendant(s). | COMPLAINT AND JURY DEMAND CIVIL<br><br>ACTION NO.:  2:26-cv-4615 |

---

### SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

---

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

**IDENTIFICATION OF PARTIES**

**Plaintiff(s)**

1.      Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s):   Kim Delprado                                                          .

2.      If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____,

as _____ of the estate of _____, deceased.

3.      If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4.      If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

**Defendant(s)**

5.      Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

     _X_  Novo Nordisk Inc.

     _X_  Novo Nordisk A/S

     _____  Eli Lilly and Company

     _____  Lilly USA, LLC

     _____  other(s) (identify): _____

2

**JURISDICTION AND VENUE**

6.    City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Yonkers, New York

7.    State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

New York

8.    State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

New York

9.    City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Yonkers, New York

10.   Jurisdiction is based on:

   __X__   diversity of citizenship pursuant to 28 U.S.C. § 1332

   _____   other (plead in sufficient detail as required by applicable rules):

   _____

   _____

11.   The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the Southern District of New York

12.   Venue is proper in the District Court identified in Paragraph 11 because:

   __X__   a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

3

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

## **PRODUCT USE**

14.     Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are

being asserted in this case (check all that apply):

   __X__   Ozempic (semaglutide)

_____   Wegovy (semaglutide)

_____   Rybelsus (oral semaglutide)

_____   Victoza (liraglutide)

_____   Saxenda (liraglutide)

_____   Trulicity (dulaglutide)

_____   Mounjaro (tirzepatide)

_____   Zepbound (tirzepatide)

_____   Other(s) (specify): _____

15.     To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA

Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple

products, specify date range(s) for each product):

   September 2022-July 2023

**INJURIES AND DAMAGES**

16.     To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

\_\_\_\_\_   Gastroparesis

\_\_\_\_\_   Other gastro-intestinal injuries (specify)

\_\_\_\_\_   Ileus

\_\_\_\_\_   Ischemic Bowel/Ischemic Colitis

\_\_\_\_\_   Intestinal Obstruction

\_\_X\_\_   Necrotizing Pancreatitis

\_\_X\_\_   Gallbladder Injury (specify)   Laparoscopic cholecystectomy

\_\_\_\_\_   Micronutrient Deficiency

\_\_\_\_\_   Wernicke's encephalopathy

\_\_\_\_\_   Aspiration

\_\_\_\_\_   Death

\_\_\_\_\_   Additional/Other(s) (specify):_____

17.     Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

Necrotizing pancreatitis – July 2023

Gallbladder Injury – October 2023

6

18.    In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

   X   Injury to self

_____ Injury to person represented

   X   Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): _____

## CAUSES OF ACTION

19.    In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

__X__  Count I:     Failure to Warn – Negligence

__X__  Count II:    Failure to Warn – Strict Liability

__X__  Count III:   Breach of Express Warranty/Failure to Conform to Representations

__X__  Count IV:    Breach of Implied Warranty

__X__  Count V:     Fraudulent Concealment/Fraud by Omission

__X__  Count VI:    Fraudulent/Intentional Misrepresentation

__X__  Count VII:   Negligent Misrepresentation/Marketing

__X__  Count VIII:  Strict Product Liability Misrepresentation/Marketing

__X__  Count IX:    Innocent Misrepresentation/Marketing

_____  Count X:     Unfair Trade Practices/Consumer Protection (see below)

__X__  Count XI:    Negligence

__X__  Count XII:   Negligent Undertaking

_____  Count XIII:  State Product Liability Act (see below)

_____  Count XIV: Wrongful Death

_____  Count XV:  Loss of Consortium

_____  Count XVI: Survival Action

_____  Other(s) (specify, and on separate pages, plead additional facts supporting

any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a.    Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

    _____

    _____

    _____

    b.    Identify the factual allegations supporting those claims (by subsection, if applicable):

    _____

    _____

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21.    If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

        _____

        _____

        _____

    b.  Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

        _____

        _____

        _____

    c.  Identify the factual allegations supporting those claims:

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22.    If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? _____. If so, attach such notice.

10

## **RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## **JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Dated: July 2, 2026                                        RESPECTFULLY SUBMITTED,


/s/ *Sarah S. Ruane*
Sarah S. Ruane (*Admitted Pro Hac Vice)*
WAGSTAFF & CARTMELL LLP
4740 Grand Ave., Ste 300
Kansas City, MO 64112
Tel: 816-701-1100
Fax: 816-531-2372
sruane@wcllp.com

**Attorneys for Plaintiff**

11